### Roger J. Clay, Appellee, v. Aluminum Ore Company, Appellant.

#### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Roger J. Clay against Aluminum Ore Company to recover for personal injuries sustained by plaintiff while in the employ of defendant. From a judgment in favor of plaintiff for three thousand dollars defendant appeals.

KRAMER, KRAMER & CAMPBELL, for appellant.

D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 696*—*when finding that coemploye was vice-principal sustained by the evidence.* In an action for personal injuries sustained by plaintiff while in the employ of defend-

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

ant and engaged in working with a riveting gang on a building, it appeared that plaintiff was a new man and that the injury resulted from the breaking of a defective board on which he was standing while performing his work. Plaintiff claimed that one of the gang with whom he was working was directing the work and that his failure to provide a proper scaffold was negligence of the defendant, while defendant claimed that such person was a fellow-servant. *Held* that the question whether such person was a vice-principal and had charge of the work was a question of fact and that a 'finding of the jury in favor of plaintiff was sustained by the evidence.

2. WITNESSES, § 179*—*when question does not call for conclusion.* In an action by a servant for personal injuries alleged to have resulted from the negligence of his employer, overruling objection to question asked by counsel for plaintiff as to "who had immediate charge of the work, if anybody, of riveting the pieces together" and other questions of like import, *held* not error under the state of the record, for the reason that the questions call for a conclusion.

3. MASTER AND SERVANT, § 777*—*when instruction not misleading.* In an action by a servant for personal injuries, where the issue was whether a person working with plaintiff was a vice-principal, the fact that an instruction given for plaintiff did not submit the matter of who gave such person authority or how he received it, *Held* not misleading.

4. EVIDENCE, § 308*—*admissibility of photographs.* Admission in evidence of a photograph of plaintiff's injured leg *held* not error, for the reason that it was not identified by the person making the photograph, where it was identified by the plaintiff in his testimony as the one taken and by the doctor as being a true representation of the leg, and the leg was also presented to jury so that even if the photograph was incorrect the jury would not be misled by it.

5. APPEAL AND ERROR, § 1637*—*when defect in instruction cured by other instructions.* Failure of an instruction to distinguish between what constitutes a fellow-servant and a vice-principal, *held* cured by other instructions given which informed the jury when a fellow-servant may become a vice-principal.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.